1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

| COOS COUNTY AIRPORT DISTRICT, | No. |
|---|---|
| Plaintiff, | **COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENCE, BREACH OF THE STATUTORY AND COMMON LAW OBLIGATIONS OF GOOD FAITH AND FAIR DEALING, CONSUMER PROTECTION ACT VIOLATIONS, DECLARATORY RELIEF, AND MONETARY DAMAGES** |
| vs. | |
| BITUMINOUS CASUALTY CORPORATION AND BITUMINOUS FIRE AND MARINE INSURANCE COMPANY, | |
| Defendants. | |
| | **JURY DEMAND** |

11

12

13

14

15

16

17

18

COMES NOW the Plaintiff, COOS COUNTY AIRPORT DISTRICT, an Oregon local service

19

district and municipal corporation, by and through its counsel of record, Mark S. Northcraft, Andrew T.

20

Biggs, and Alison L. Markette of Northcraft, Bigby & Biggs, P.C., and for a complaint for breach of

21

contract, negligence, breach of the obligation of good faith and fair dealing, insurance bad faith,

22

consumer protection act violations, declaratory relief, and monetary damages against the defendant,

23

alleges as follows:

24

**COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENCE, BREACH OF THE STATUTORY AND COMMON LAW OBLIGATIONS OF GOOD FAITH AND FAIR DEALING, CONSUMER PROTECTION ACT VIOLATIONS, DECLARATORY RELIEF, AND MONETARY DAMAGES - 1**

25

w:\coos\pld\complaint.001

## PARTIES

1.      Plaintiff Coos County Airport District ("Coos County") is a duly organized local service district and municipal corporation existing under the laws of the State of Oregon. Coos County's place of business is in Coos County, Oregon at 1100 Airport Lane, North Bend, Oregon.  Coos County has fulfilled all conditions precedent necessary to maintain this action.  At all times material hereto, Coos County was the owner of the Coos County County Airport located at 1100 Airport Lane, North Bend, Oregon.

2.      Defendant Bituminous Casualty Corporation ("Bituminous"), is a foreign corporation organized under the laws of Illinois, having its principal place of business at 320 18th Street, Rock Island, Illinois 61201.  At all times material hereto, defendant Bituminous was and is a foreign insurance company authorized to and transacting business in Clark County, Washington. Bituminous is subject to the laws of the State of Washington and to the administrative regulations issued by the Insurance Commissioner of the State of Washington.

3.      Defendant Bituminous Fire and Marine Insurance Company ("Bituminous Fire") is a foreign corporation organized under the laws of Illinois, having its principal place of business at 320 18th Street, Rock Island, Illinois 61201.  At all times material hereto, defendant Bituminous Fire was and is a foreign insurance company authorized to and transacting business in Clark County, Washington. Bituminous Fire is subject to the laws of the State of Washington and to the administrative regulations issued by the Insurance Commissioner of the State of Washington.

4.      To the extent Bituminous Fire, rather than Bituminous, is the corporate entity providing the actual coverage under the policies at issue herein, Bituminous was at all material times either the alter ego or the contractual agent of Bituminous Fire through one or more intercompany agreements, and all of Bituminous's actions, omissions, inactions, conduct or default alleged herein were for the benefit

COMPLAINT FOR BREACH OF CONTRACT,
NEGLIGENCE, BREACH OF THE STATUTORY
AND COMMON LAW OBLIGATIONS OF GOOD FAITH AND
FAIR DEALING, CONSUMER PROTECTION ACT VIOLATIONS,
DECLARATORY RELIEF, AND MONETARY DAMAGES - 2
w:\coos\pld\complaint.001

1    of Bituminous and/or Bituminous Fire and/or the agency relationship between Bituminous and

2    Bituminous Fire.  Each of the defendants is bound by or charged with the acts or omissions set forth

3    herein.

4                                **JURISDICTION AND VENUE**

5          5.      This Court has jurisdiction over the subject matter of this lawsuit based upon diversity of

6    citizenship and the amount in controversy exceeds $75,000.00.

7          6.      Venue is proper because the defendants transact or have transacted business in Clark

8    County, Washington. More particularly, defendants delivered the insurance contracts and Certificate of

9    Insurance at issue in Clark County, Washington, and defendants' breaches of the insurance contracts and

10   acts or omissions occurred in, and arose out of facts and circumstances occurring in, Clark County,

11   Washington, including but not limited to the tender of defense and indemnity; failure to timely respond

12   to such tender as required by Washington law; and the wrongful denial of such tender.

13                           **THE DEMOLITION PROJECT AND CONTRACT**

14         7.      On or about November 19, 2012, Coos County and Smith & Smith entered into an AIA

15   Document A101TM-2007 Standard Form of Agreement Between Owner and Contractor and Exhibits

16   thereto ("Contract") for a demolition project identified therein as Southwest Oregon Regional Airport -

17   Main Hangar Demolition and Site Restoration - East Airport Way - North Bend, Oregon ("Project").

18         8.      In the Contract, Smith & Smith agreed to purchase insurance to protect Smith & Smith

19   from claims for damages, other than to the Work itself, because of injury to or destruction of tangible

20   property, including loss of use resulting therefrom and from claims involving contractual liability

21   insurance applicable to the Smith & Smith's obligations under the indemnification agreement set forth in

22   the Contract.

23

24   **COMPLAINT FOR BREACH OF CONTRACT,
     NEGLIGENCE, BREACH OF THE STATUTORY
     AND COMMON LAW OBLIGATIONS OF GOOD FAITH AND
25   FAIR DEALING, CONSUMER PROTECTION ACT VIOLATIONS,
     DECLARATORY RELIEF, AND MONETARY DAMAGES - 3**
     w:\coos\pld\complaint.001

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, Washington 98101
*tel:*  206-623-0229
*fax:*  206-623-0234

9.      The Contract contained an indemnification agreement which states as follows:

> Indemnity: [Smith & Smith] shall indemnify, defend, save, and hold harmless [Coos County], its officers, agents, engineers, attorneys and employees, from any and all losses, expenses (including but not limited to all fees and charges of engineers, architects, attorneys and other professionals, and all court or arbitration or other dispute resolution costs), claims, suits, or actions of whatsoever nature, including intentional acts, resulting from or arising out of the activities of [Smith & Smith] or its subcontractors, agents, or employees, or anyone directly or indirectly employed by any of them or anyone for whose acts or omissions they may be liable, under this Agreement, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder.

10.     In the Contract, Smith & Smith agreed to and was required to cause the commercial liability coverage required by the Contract to include Coos County as an additional insured for claims caused in whole or in part by Smith & Smith's negligent acts or omissions during Smith & Smith's operations and as an additional insured for claims caused in whole or in part by Smith & Smith's negligent acts or omissions during Smith & Smith's completed operations. The Contract further required that the liability insurance to be acquired by Smith & Smith be primary and non-contributory with any other insurance.

11.     The Contract provides that Coos County and Smith & Smith waive all rights against each other for damages caused by fire or other causes of loss to the extent covered by property insurance obtained pursuant to the Contract or other property insurance applicable to the work. The Contract further provides that the policies shall provide such waivers of subrogation by endorsement or otherwise.

12.     The Contract provides that any claim arising out of or relating thereto shall be settled by binding arbitration.

COMPLAINT FOR BREACH OF CONTRACT,
NEGLIGENCE, BREACH OF THE STATUTORY
AND COMMON LAW OBLIGATIONS OF GOOD FAITH AND
FAIR DEALING, CONSUMER PROTECTION ACT VIOLATIONS,
DECLARATORY RELIEF, AND MONETARY DAMAGES - 4

w:\coos\pld\complaint.001

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, Washington 98101
*tel:* 206-623-0229
*fax:* 206-623-0234

**THE INSURANCE POLICIES AND CERTIFICATE OF INSURANCE**

13.     Bituminous issued three policies at issue in this litigation, CLP 3 569 977 B, CAP 6 569 978 B, and CUP 2 592 901 B ("Policies").  These Policies were effective from April 28, 2012 until April 28, 2013.

14.     Bituminous, by way of an authorized representative thereof, also issued a Certificate of Insurance dated November 26, 2012 ("Certificate") in which Bituminous made specific, manuscript declarations as to the insurance coverage afforded Coos County under the Policies which are at issue in this litigation and which are specifically referenced in the Bituminous Certificate of Insurance.  The issuance of the Certificate verifying the existence of the contractually required insurance was required prior to when the work under the Contract could commence.  The manuscript declarations in the Certificate describe the operations/locations/vehicles/exclusions added by endorsement/special provisions that were incorporated into the Bituminous policies by way of the Certificate as follows:

> RE: Coos County Airport Hangar Demolition and Site Restoration
> Coos County Airport District shall be listed as additional insured with regards to general liability and auto coverage.  Primary/Non-Contributory wording and waiver of subrogation apply.  Limits of Liability apply on a per-project basis.

15.     The Bituminous Policies that provide insurance coverage for Coos County for the Project included both a defense and indemnity obligation and provided contractual coverage for written indemnity obligations entered into by its named insured, Smith & Smith Excavation, Inc., whose principal place of business is located at 100 East 19th Street, Suite 500, Vancouver, Clark County, Washington 98663 ("Smith & Smith").

**THE FIRE**

16.     On or about December 4, 2012, a fire occurred at the Project site.  Prior to the time of the fire, Coos County had disconnected all electricity to the Project site.  Immediately prior to the

COMPLAINT FOR BREACH OF CONTRACT,
NEGLIGENCE, BREACH OF THE STATUTORY
AND COMMON LAW OBLIGATIONS OF GOOD FAITH AND
FAIR DEALING, CONSUMER PROTECTION ACT VIOLATIONS,
DECLARATORY RELIEF, AND MONETARY DAMAGES - 5
w:\coos\pld\complaint.001

1  commencement of the fire, Smith & Smith were conducting demolition work at the Project which

2  involved "hot work".  Coos County was not involved in any way with this hot work being conducted by

3  Smith & Smith.  During the evening and/or nighttime hours immediately following the hot work being

4  conducted solely by Smith & Smith and/or its agents and employees, the fire ignited and destroyed the

5  Project and damaged property owned by Coos that was not part of the Project. Although it appears that

6  an ignition source could not be identified due to the extensive damage caused by the fire, the clear and

7  obvious inference is that the fire was caused in whole or in part by the negligent acts and omissions of

8  Smith & Smith which occurred while Smith & Smith was conducting the hot work on the Project.

9  **THE SMITH & SMITH LAWSUIT AGAINST COOS COUNTY**

10  17.  On or about June 16, 2013, Smith & Smith commenced suit against Coos County in the

11  Circuit Court of the State of Oregon for the County of Coos.  This suit alleged in part that the December

12  4, 2012 "fire caused significant damage to the Airport, several pieces of Smith & Smith's equipment and

13  tools and salvage material resulting in all of these Items having no market value."  The Complaint

14  further alleged that the damage to Smith & Smith's property was caused by the negligence of Coos

15  County.

16  18.  On or about September 26, 2013, Coos County filed its answer to the Smith & Smith

17  Complaint.  Therein, Coos County specifically alleged in an affirmative defense that Smith & Smith was

18  negligent, in part, because it failed to safeguard the hangar site against the use of flammable substances

19  and tools which resulted in the fire and failed to guard the property against hot spots for a sufficient

20  amount of time after the use of flammable demolition materials.

21  19.  The Complaint was dismissed by way of a General Judgment of Dismissal on or about

22  March 3, 2014.  The claims in the Complaint and the damages sought thereby are now being pursued by

23

24  **COMPLAINT FOR BREACH OF CONTRACT,**
   **NEGLIGENCE, BREACH OF THE STATUTORY**
   **AND COMMON LAW OBLIGATIONS OF GOOD FAITH AND**
25  **FAIR DEALING, CONSUMER PROTECTION ACT VIOLATIONS,**
   **DECLARATORY RELIEF, AND MONETARY DAMAGES - 6**
   w:\coos\pld\complaint.001

**NORTHCRAFT, BIGBY & BIGGS, P.C.**
819 Virginia Street / Suite C-2
Seattle, Washington 98101
*tel:* 206-623-0229
*fax:* 206-623-0234

1  way of mandatory arbitration in accordance with the Contract provisions.  The Smith & Smith

2  Complaint against Coos County and the arbitration proceedings are hereinafter referred to as the "Suit".

3  **TENDER OF DEFENSE AND DENIAL THEROF**

4        20.     By letter dated February 21, 2014, Coos County tendered the defense of the Smith &

5  Smith Complaint to the defendants authorized agent, Post Insurance Services, Inc., 1499 SE Tech Center

6  Place, Ste. 150, Vancouver, Washington, 98683.  The Coos County tender of defense of the Smith &

7  Smith Complaint was denied by way of letter dated May 23, 2014, from counsel for Bituminous

8  Casualty Company.  Prior to May 23, 2014, the defendants had no communication with either Coos

9  County or its counsel as to the status of the Coos County tender of defense.

10  **COOS COUNTY IS AN ADDITIONAL INSURED UNDER THE POLICIES**

11        21.     The Certificate explicitly states that "Coos County Airport District shall be listed as

12  additional insured with regards to general liability and auto coverage."  This manuscript declaration in

13  the Certificate expresses the intent of Bituminous that Coos County is an additional insured under the

14  Policies.  Therefore, Coos County is an additional insured under CLP 3 569 977 B.

15        22.     The Commercial General Liability Coverage Form for CLP 3 569 977 B is modified by

16  Endorsement GL-3088 (9/11), titled Land Improvement Contractors Extended Liability Coverage.  Part

17  T. of Endorsement GL-3088 (9/11) provides that Section II - Who Is An Insured under CG 00 01 12 07,

18  which is the Commercial General Liability Coverage Form for CLP 3 569 977 B, is amended to include

19  any state or governmental agency or subdivision or political subdivision with whom Smith & Smith is

20  required by a written contract to name as an additional insured with respect to operations performed by

21  Smith & Smith for which Coos County issued either a permit or authorization.  As set forth above, the

22  Contract required that Smith & Smith name Coos County as an additional insured and constitutes an

23

24  **COMPLAINT FOR BREACH OF CONTRACT,**
**NEGLIGENCE, BREACH OF THE STATUTORY**
**AND COMMON LAW OBLIGATIONS OF GOOD FAITH AND**

25  **FAIR DEALING, CONSUMER PROTECTION ACT VIOLATIONS,**
**DECLARATORY RELIEF, AND MONETARY DAMAGES - 7**
w:\coos\pld\complaint.001

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, Washington 98101
*tel:* 206-623-0229
*fax:* 206-623-0234

1    authorization to perform the work identified in the Contract.  Therefore, Coos County is an additional

2    insured under CLP 3 569 977 B.

3        23.    Part B. of Endorsement GL-3088 (9/11) provides that Section II - Who Is An Insured

4    under CG 00 01 12 07 is amended to include as an additional insured any organization who is required

5    by a written contract to be an additional insured under the Smith & Smith Policies, but only with respect

6    to property damage caused, in whole or in part, by the acts or omissions of Smith & Smith or the acts or

7    omissions of those acting on Smith & Smith's behalf in the performance of Smith & Smith's ongoing

8    operations for Coos County in the Contract. As set forth above, the property damage to Smith & Smith's

9    property and the non-project property of Coos County was caused, in whole or in part, by the acts or

10   omissions of Smith & Smith or the acts or omissions of those acting on Smith & Smith's behalf in the

11   performance of Smith & Smith's ongoing operations for Coos County in the Contract.  Therefore, Coos

12   County is an additional insured under CLP 3 569 977 B.

13       24.    Part L. of Endorsement GL-3088 (9/11) to CG 00 01 12 07 of CLP 3 569 977 B provides

14   an insured contract extension to construction contracts.  An insured contract means that part of any

15   contract or agreement pertaining to Smith & Smith's business (including an indemnification of Coos

16   County in connection with work performed for Coos County) under which Smith & Smith assumed the

17   tort liability of Coos County to pay for property damage to a third person or organization. Tort liability

18   means a liability that would be imposed by law in the absence of any contract or agreement. Therefore,

19   the Contract is an insured contract under CLP 3 569 977 B.

20       25.    As set forth above, Bituminous issued an umbrella policy, CUP 2 592 901 B ("Umbrella

21   Policy"), which was effective from April 28, 2012 until April 28, 2013.  Section III of the Commercial

22   Liability Coverage Form, CUP 00 05 01 10, to the Umbrella Policy specifically identifies as an insured

23   thereunder any person or organization not described in Paragraphs 2a., 2b., 2c., 2d., or 3 of Section III

24   **COMPLAINT FOR BREACH OF CONTRACT,**
     **NEGLIGENCE, BREACH OF THE STATUTORY**
25   **AND COMMON LAW OBLIGATIONS OF GOOD FAITH AND**
     **FAIR DEALING, CONSUMER PROTECTION ACT VIOLATIONS,**
     **DECLARATORY RELIEF, AND MONETARY DAMAGES - 8**
     w:\coos\pld\complaint.001

which qualifies as an insured in any underlying insurance. In the Umbrella Policy's Schedule of

Underlying Insurance, Bituminous policy CLP 3 569 977 B is identified as underlying insurance to the

insurance provided by the Umbrella Policy.  As set forth above, Coos County is an insured under

Bituminous policy CLP 3 569 977 B.  Therefore, Coos County is an insured under the Umbrella Policy.

### THE POLICIES' EXCLUSIONS RE DISMANTLING, DEMOLITION, WRECKING OR SALVAGE OPERATIONS DO NOT APPLY

26.     Endorsement GL687c(1-86) to CG 00 01 12 07 of CLP 3 569 977 B provides as follows:

> All dismantling, demolition, wrecking or salvage operations, except
> for the demolition and wrecking of barns, sheds, residential garages or
> residential structures not over two stories in height and 5,000 square
> feet per floor, or detached nonresidential structures not over one story
> in height and 10,000 square feet in size.

> It is agreed that with respect to operations described above, the insurance
> does not apply to "bodily injury" or "property damage" arising out of such
> operations unless you notify us prior to undertaking such operations and we
> accept coverage for each specific project or job involving any such operations
> by written endorsement to the policy.

27.     Endorsement CUP 03 07 06 04 to CUP 00 05 01 10 of the Umbrella Policy provides as follows:

> This insurance does not apply to any "bodily injury", "property damage",
> or "personal and advertising injury" arising out of or resulting from
> dismantling, demolition, wrecking or salvage operations unless such
> coverage is provided by the "underlying insurance"; however, such
> coverage is subject to the same exclusions and limitations as are
> applicable in the "underlying insurance".

> These exclusions are hereinafter referred to as the "Demolition Exclusions".

28.     Bituminous was notified of the demolition nature of the Project as evidenced by the

manuscript language in the Certificate issued by a representative of Bituminous which identifies the

Project as 'Coos County Hangar Airport Demolition and Site Restoration."

COMPLAINT FOR BREACH OF CONTRACT,
NEGLIGENCE, BREACH OF THE STATUTORY
AND COMMON LAW OBLIGATIONS OF GOOD FAITH AND
FAIR DEALING, CONSUMER PROTECTION ACT VIOLATIONS,
DECLARATORY RELIEF, AND MONETARY DAMAGES - 9
w:\coos\pld\complaint.001

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, Washington 98101
*tel:* 206-623-0229
*fax:* 206-623-0234

29.     Bituminous accepted coverage for the Project by way of written endorsement GL-3088 (9/11) to CG 00 01 12 07 of CLP 3 569 977 B, titled Land Improvement Contractors Extended Liability Coverage.  As set forth above, this written endorsement identifies Coos County as an additional insured under CLP 3 569 977 B and identifies the Contract as an insured contract.  Therefore, by way of written endorsement GL-3088 (9/11) to CG 00 01 12 07 of CLP 3 569 977 B, Bituminous accepted coverage for the Project.

30.     Because Bituminous accepted coverage for the Project under CLP 3 569 977 B, the "Demolition Exclusions" set forth in CLP 3 569 977 B and CUP 2 592 901 B do not exclude coverage for the Project under the Policies.

### BITUMINOUS WAS OBLIGATED TO DEFEND COOS COUNTY WITH RESPECT TO THE NEGLIGENCE CLAIMS SET FORTH IN THE SUIT

31.     The Commercial General Liability Coverage Form, CG 00 01 12 07, of CLP 3 569 977 B provides that Bituminous has the duty to defend an insured against any suit seeking property damage.  A suit is defined in part in the Bituminous policy as a civil proceeding in which property damage to which the Bituminous insurance applies is alleged and an arbitration proceeding in which such damage is claimed and to which an insured must submit.  The Suit meets the definition of a suit as defined in the Bituminous policy.

32.     As set forth herein, because the allegations of the Suit could, if proven, impose liability upon Coos County within the coverage of the Policies issued by the defendants and because the defendants cannot conclusively rule coverage out, the defendants are obligated to defend and indemnify Coos County from the negligence claims asserted therein.

///

///

**COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENCE, BREACH OF THE STATUTORY AND COMMON LAW OBLIGATIONS OF GOOD FAITH AND FAIR DEALING, CONSUMER PROTECTION ACT VIOLATIONS, DECLARATORY RELIEF, AND MONETARY DAMAGES - 10**
w:\coos\pld\complaint.001

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, Washington 98101
*tel:* 206-623-0229
*fax:* 206-623-0234

**DECLARATORY RELIEF**

33.    An actual controversy exists between Coos County and the defendants as to the rights,

duties, and obligations of the parties under the policies, especially as those rights, duties, and obligations

relate to the duty to defend and indemnify Coos County.  Coos County is entitled to a declaratory

judgment from this Court setting forth and decreeing the respective rights, duties, and obligations of the

parties under the Policies issued by the defendants.

**BREACH OF THE CONTRACTUAL DUTY TO DEFEND**

34.    Based upon the facts set forth herein, Bituminous, acting on its own behalf and/or on the

behalf of Bituminous Fire, has breached its duties under the Policies which, among other things, require

them to defend Coos County in the Suit. Bituminous' breach of its duties has caused actual damages in

an amount to be proven at time of trial.

**BREACH OF THE COMMON LAW AND STATUTORY OBLIGATIONS
OF GOOD FAITH AND FAIR DEALING**

35.    The acts and omissions of Bituminous in failing to defend the negligence claims against

Coos County in the Suit, among other acts and omissions related thereto, whether acting on its own

behalf and/or on the behalf of Bituminous Fire, constitute a breach of Bituminous' obligation of good

faith and fair dealing under the common law, under RCW 48.01.010 *et seq.,* and under WAC 284-30 *et*

*seq.*  The acts and omissions of Bituminous constituting bad faith include, but are not limited to the

following:  (1) violation of WAC 284-30-330(1) by misrepresenting pertinent facts, (2) violation of

WAC 284-30-330(1) by misrepresenting pertinent policy provisions, (3) violation of WAC 284-30-

330(2) by failing to acknowledge and act reasonably promptly upon communications with respect to

claims arising under insurance policies, (4) violation of WAC 284-30-330(13) by failing to promptly

provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable

COMPLAINT FOR BREACH OF CONTRACT,
NEGLIGENCE, BREACH OF THE STATUTORY
AND COMMON LAW OBLIGATIONS OF GOOD FAITH AND
FAIR DEALING, CONSUMER PROTECTION ACT VIOLATIONS,
DECLARATORY RELIEF, AND MONETARY DAMAGES - 11
w:\coos\pld\complaint.001

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, Washington 98101
*tel:*  206-623-0229
*fax:*  206-623-0234

1  law for denial of a claim, (5) violation of WAC 284-30-350(1) by failing to fully disclose to Coos

2  County all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract

3  under which a claim is presented, (6) violation of WAC 284-30-360(1) by failing within ten working

4  days after receiving notification of a claim under an individual insurance policy to acknowledge its

5  receipt of the notice of claim, (7) violation of WAC 284-30-370 by failing to complete its investigation

6  of a claim within 30 days after notification of the claim, (8) failing to investigate and consider

7  conflicting facts known to or readily ascertainable by Bituminous before denying Coos County a defense

8  of the Suit, (9) failing to consider facts outside of the complaint filed in the Suit because the negligence

9  allegations therein are ambiguous, (10) failing to consider the Coos County answer to the complaint in

10 the Suit which specifically alleges as an affirmative defense that Smith & Smith was negligent and

11 failing to conduct a reasonable investigation into the facts set forth therein that allege negligent acts and

12 omissions on the part of Smith & Smith, (11) failing to consider the information set forth in the

13 Certificate issued by a representative of Bituminous in which the Project is specifically identified as the

14 Coos County Airport Hangar Demolition and Site Restoration which necessarily means that Bituminous

15 received notification of such project prior to issuing the Certificate and before work on the Project by

16 Smith & Smith commenced, (12) failing to acknowledge that the Contract is specific authorization by

17 Coos County for Smith & Smith to conduct demolition operations, (13) failing to acknowledge that such

18 notification and authorization when considered with the Land Improvement Contractors Extended

19 Liability Coverage, endorsement GL-3088 (09/11), affords Coos County additional insured status under

20 CLP 3 569 977 B and constitutes acceptance of coverage by written endorsement to said policy for the

21 Coos County Airport Hangar Demolition and Site Restoration Project so as to render null and void the

22 Demolition Exclusions in the Policies, (14) failing to explain in the denial of coverage letter dated May

23 23, 2014, how certain numerous exclusions cited therein constitute the basis for a denial of coverage,

24  **COMPLAINT FOR BREACH OF CONTRACT,
    NEGLIGENCE, BREACH OF THE STATUTORY
    AND COMMON LAW OBLIGATIONS OF GOOD FAITH AND
25  FAIR DEALING, CONSUMER PROTECTION ACT VIOLATIONS,
    DECLARATORY RELIEF, AND MONETARY DAMAGES - 12**
    w:\coos\pld\complaint.001

(15) committing an unreasonable, frivolous, and unfounded denial of insurance benefits to Coos County under the Policies, (16) conspiring with Smith & Smith to assert a subrogation interest in the property damage sought by Smith & Smith in the Suit contrary to the terms of the Contract, the terms of the Policies, and the waiver of subrogation set forth in the Certificate, (17) authorizing the issuance of a coverage declination letter to Coos County authored by Bullivant Houser Bailey, Bituminous' coverage counsel, the substance of which evidences a purposeful pre-existing intent by Bituminous to deny Coos County a defense of the negligence allegations in the Suit, and (18) conspiring with Bullivant Houser Bailey to prepare  a declination letter to Coos County the substance of which evidences a purposeful pre-existing intent by Bituminous to deny Coos County a defense of the negligence allegations in the Suit.  By their conduct, defendants are estopped from denying coverage and a duty to defend and indemnify Coos County.  In addition, Coos County has been harmed as a result thereof in an amount to be proved at trial.

## BREACH OF THE WASHINGTON CONSUMER PROTECTION ACT

36.     Bituminous, acting on its own behalf and/or on the behalf of Bituminous Fire, has violated Washington's Consumer Protection Act, RCW 19.86 *et seq.* causing damages in an amount to be proven at time of trial, including treble damages up to $25,000 for each and every CPA violation plus attorneys' fees, costs, and expenses.  The acts and omissions of Bituminous constituting a violation of the Consumer Protection Act, RCW 19.86 *et seq.* include, but are not limited to the following: (1) violation of WAC 284-30-330(1) by misrepresenting pertinent facts, (2) violation of WAC 284-30-330(1) by misrepresenting pertinent policy provisions, (3) violation of WAC 284-30-330(2) by failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies, (4) violation of WAC 284-30-330(13) by failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a

COMPLAINT FOR BREACH OF CONTRACT,
NEGLIGENCE, BREACH OF THE STATUTORY
AND COMMON LAW OBLIGATIONS OF GOOD FAITH AND
FAIR DEALING, CONSUMER PROTECTION ACT VIOLATIONS,
DECLARATORY RELIEF, AND MONETARY DAMAGES - 13
w:\coos\pld\complaint.001

claim, (5) violation of WAC 284-30-350(1) by failing to fully disclose to Coos County all pertinent

benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim

is presented, (6) violation of WAC 284-30-360(1) by failing within ten working days after receiving

notification of a claim under an individual insurance policy to acknowledge its receipt of the notice of

claim, (7) violation of WAC 284-30-370 by failing to complete its investigation of a claim within 30

days after notification of the claim, (8) failing to investigate and consider conflicting facts known to or

readily ascertainable by Bituminous before denying Coos County a defense of the Suit, (9) failing to

consider facts outside of the complaint filed in the Suit because the negligence allegations therein are

ambiguous, (10) failing to consider the Coos County answer to the complaint in the Suit which

specifically alleges as an affirmative defense that Smith & Smith was negligent and failing to conduct a

reasonable investigation into the facts set forth therein that allege negligent acts and omissions on the

part of Smith & Smith, (11) failing to consider the information set forth in the Certificate issued by a

representative of Bituminous in which the Project is specifically identified as the Coos County Airport

Hangar Demolition and Site Restoration which necessarily means that Bituminous received notification

of such project prior to issuing the Certificate and before work on the Project by Smith & Smith

commenced, (12) failing to acknowledge that the Contract is specific authorization by Coos County for

Smith & Smith to conduct demolition operations, (13) failing to acknowledge that such notification and

authorization when considered with the Land Improvement Contractors Extended Liability Coverage,

endorsement GL-3088 (09/11), affords Coos County additional insured status under CLP 3 569 977 B

and constitutes acceptance of coverage by written endorsement to said policy for the Coos County

Airport Hangar Demolition and Site Restoration Project so as to render null and void the Demolition

Exclusions in the Policies, (14) failing to explain in the denial of coverage letter dated May 23, 2014,

how certain numerous exclusions cited therein constitute the basis for a denial of coverage, (15)

**COMPLAINT FOR BREACH OF CONTRACT,
NEGLIGENCE, BREACH OF THE STATUTORY
AND COMMON LAW OBLIGATIONS OF GOOD FAITH AND
FAIR DEALING, CONSUMER PROTECTION ACT VIOLATIONS,
DECLARATORY RELIEF, AND MONETARY DAMAGES - 14**
w:\coos\pld\complaint.001

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, Washington 98101
*tel:* 206-623-0229
*fax:* 206-623-0234

1   committing an unreasonable, frivolous, and unfounded denial of insurance benefits to Coos County

2   under the Policies, (16) conspiring with Smith & Smith to assert a subrogation interest in the property

3   damage sought by Smith & Smith in the Suit contrary to the terms of the Contract, the terms of the

4   Policies, and the waiver of subrogation set forth in the Certificate, (17) authorizing the issuance of a

5   coverage declination letter to Coos County authored by Bullivant Houser Bailey, Bituminous' coverage

6   counsel, the substance of which evidences a purposeful pre-existing intent by Bituminous to deny Coos

7   County a defense of the negligence allegations in the Suit, and (18) conspiring with Bullivant Houser

8   Bailey to prepare a declination letter to Coos County the substance of which evidences a purposeful pre-

9   existing intent by Bituminous to deny Coos County a defense of the negligence allegations in the Suit.

10   ### NEGLIGENCE AND WRONGFUL CONDUCT

11   37.   Bituminous, acting on its own behalf and/or on the behalf of Bituminous Fire, was

12   negligent and engaged in wrongful conduct in its handling of the Coos County tender of defense and in

13   the denial thereof, and such negligence and wrongful conduct has proximately caused damages to Coos

14   County in an amount to be proven at time of trial.  The acts and omissions of Bituminous which

15   constitute negligence and other wrongful conduct include, but are not limited to the following: (1)

16   violation of WAC 284-30-330(1) by misrepresenting pertinent facts, (2) violation of WAC 284-30-

17   330(1) by misrepresenting pertinent policy provisions, (3) violation of WAC 284-30-330(2) by failing to

18   acknowledge and act reasonably promptly upon communications with respect to claims arising under

19   insurance policies, (4) violation of WAC 284-30-330(13) by failing to promptly provide a reasonable

20   explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a

21   claim, (5) violation of WAC 284-30-350(1) by failing to fully disclose to Coos County all pertinent

22   benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim

23   is presented, (6) violation of WAC 284-30-360(1) by failing within ten working days after receiving

24   **COMPLAINT FOR BREACH OF CONTRACT,**
     **NEGLIGENCE, BREACH OF THE STATUTORY**
25   **AND COMMON LAW OBLIGATIONS OF GOOD FAITH AND**
     **FAIR DEALING, CONSUMER PROTECTION ACT VIOLATIONS,**
     **DECLARATORY RELIEF, AND MONETARY DAMAGES - 15**
     w:\coos\pld\complaint.001

notification of a claim under an individual insurance policy to acknowledge its receipt of the notice of claim, (7) violation of WAC 284-30-370 by failing to complete its investigation of a claim within 30 days after notification of the claim, (8) failing to investigate and consider conflicting facts known to or readily ascertainable by Bituminous before denying Coos County a defense of the Suit, (9) failing to consider facts outside of the complaint filed in the Suit because the negligence allegations therein are ambiguous, (10) failing to consider the Coos County answer to the complaint in the Suit which specifically alleges as an affirmative defense that Smith & Smith was negligent and failing to conduct a reasonable investigation into the facts set forth therein that allege negligent acts and omissions on the part of Smith & Smith, (11) failing to consider the information set forth in the Certificate issued by a representative of Bituminous in which the Project is specifically identified as the Coos County Airport Hangar Demolition and Site Restoration which necessarily means that Bituminous received notification of such project prior to issuing the Certificate and before work on the Project by Smith & Smith commenced, (12) failing to acknowledge that the Contract is specific authorization by Coos County for Smith & Smith to conduct demolition operations, (13) failing to acknowledge that such notification and authorization when considered with the Land Improvement Contractors Extended Liability Coverage, endorsement GL-3088 (09/11), affords Coos County additional insured status under CLP 3 569 977 B and constitutes acceptance of coverage by written endorsement to said policy for the Coos County Airport Hangar Demolition and Site Restoration Project so as to render null and void the Demolition Exclusions in the Policies, (14) failing to explain in the denial of coverage letter dated May 23, 2014, how certain numerous exclusions cited therein constitute the basis for a denial of coverage, (15) committing an unreasonable, frivolous, and unfounded denial of insurance benefits to Coos County under the Policies, (16) conspiring with Smith & Smith to assert a subrogation interest in the property damage sought by Smith & Smith in the Suit contrary to the terms of the Contract, the terms of the

**COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENCE, BREACH OF THE STATUTORY AND COMMON LAW OBLIGATIONS OF GOOD FAITH AND FAIR DEALING, CONSUMER PROTECTION ACT VIOLATIONS, DECLARATORY RELIEF, AND MONETARY DAMAGES - 16**
w:\coos\pld\complaint.001

**NORTHCRAFT, BIGBY & BIGGS, P.C.**
819 Virginia Street / Suite C-2
Seattle, Washington 98101
*tel:* 206-623-0229
*fax:* 206-623-0234

1  Policies, and the waiver of subrogation set forth in the Certificate, (17) authorizing the issuance of a

2  coverage declination letter to Coos County authored by Bullivant Houser Bailey, Bituminous' coverage

3  counsel, the substance of which evidences a purposeful pre-existing intent by Bituminous to deny Coos

4  County a defense of the negligence allegations in the Suit, and (18) conspiring with Bullivant Houser

5  Bailey to prepare  a declination letter to Coos County the substance of which evidences a purposeful

6  pre-existing intent by Bituminous to deny Coos County a defense of the negligence allegations in the

7  Suit.

8  **DAMAGES**

9       38.     Coos County has been damaged by defendants' breach of the contractual duty to defend,

10  negligence and wrongful conduct, breach of the common law and statutory obligations of good faith and

11  fair dealing, and breach of the Washington Consumer Protection Act in an amount to be proven at time

12  of trial.

13  **PRAYER FOR RELIEF**

14  *WHEREFORE, Coos County prays for relief against the defendants as follows:*

15       1.     For declaratory relief consistent with the pleadings herein, including but not limited to

16  declarations that Bituminous, acting on its own behalf and/or on the behalf of Bituminous Fire, (a)

17  breached its duty to defend the negligence claims in the Suit under the Policies; (b) breached its

18  common law and statutory obligations of good faith and fair dealing; (c) violated Washington's

19  Consumer Protection Act; (d) engaged in negligent and other wrongful conduct, and (e) is estopped from

20  denying coverage, a duty to defend, and a duty to indemnify Coos County;

21       2.     For money damages in an amount to be proven at time of trial including, but not limited

22  to, all attorneys' fees, costs, and expenses incurred in connection with Coos County's defense of the

23  Suit;

24  **COMPLAINT FOR BREACH OF CONTRACT,
NEGLIGENCE, BREACH OF THE STATUTORY
AND COMMON LAW OBLIGATIONS OF GOOD FAITH AND**

25  **FAIR DEALING, CONSUMER PROTECTION ACT VIOLATIONS,
DECLARATORY RELIEF, AND MONETARY DAMAGES - 17**
w:\coos\pld\complaint.001

3.      For prejudgment interest at the highest allowable rate on all liquidated amounts including, but not limited to, all attorneys' fees, costs, and expenses incurred in connection with Coos County's defense in the Suit;

4.      For damages, attorneys' fees, costs and expenses allowed under Washington's Consumer Protection Act;

5.      For Coos County's costs and disbursements herein, including actual and reasonable attorneys' fees under *Olympic Steamship, Inc. v. Centennial Insurance Company*, 117 Wn.2d 37, 811 P.2d 673 (1991) and its progeny;

6.      For a ruling that defendants Bituminous and Bituminous Fire are jointly and severally liable to Coos County on each of the claims on which Coos County prevails;

7.      For leave to amend this Complaint to assert a claim against the defendants for violating RCW 48.30.015, Washington's Insurance Fair Conduct Act, because of the unreasonable denial of Coos County's claims for coverage and/or benefits under the Policies.  Such leave to amend will be requested or made as a matter of right subsequent to providing defendants Bituminous and Bituminous Fire with the required 20-day notice of claims Coos County intends to bring against the defendants pursuant to RCW 48.30.015.

8.      For leave to amend this Complaint based on information or evidence revealed in discovery or at trial; and

9.      For such other and further relief as the Court deems just and equitable.

10.     Coos County demands a jury trial.

DATED this 18th day of July, 2014.

By: /s/ Mark S. Northcraft
By: /s/ Andrew T. Biggs
By: /s/ Alison L. Markette

**COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENCE, BREACH OF THE STATUTORY AND COMMON LAW OBLIGATIONS OF GOOD FAITH AND FAIR DEALING, CONSUMER PROTECTION ACT VIOLATIONS, DECLARATORY RELIEF, AND MONETARY DAMAGES - 18**
w:\coos\pld\complaint.001

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, Washington 98101
*tel:* 206-623-0229
*fax:* 206-623-0234

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Mark S. Northcraft, WSBA #7888
Andrew T. Biggs, WSBA #11746
Alison L. Markette, WSBA #46477
Northcraft, Bigby & Biggs, P.C.
819 Virginia Street, Suite C-2
Seattle, WA  98101
Telephone:  (206) 623-0229
Facsimile:  (206) 623-0234
E-mail:  mark_northcraft@northcraft.com
         andrew_biggs@northcraft.com
         alison_markette@northcraft.com

Attorneys for Plaintiff

**COMPLAINT FOR BREACH OF CONTRACT,
NEGLIGENCE, BREACH OF THE STATUTORY
AND COMMON LAW OBLIGATIONS OF GOOD FAITH AND
FAIR DEALING, CONSUMER PROTECTION ACT VIOLATIONS,
DECLARATORY RELIEF, AND MONETARY DAMAGES - 19**
w:\coos\pld\complaint.001